[Civil No. 4070. Filed June 26, 1939.]

[91 Pac. (2d) 874.]

In the Matter of the Estate of W. P. SEARS, Also Known as WILLIAM P. SEARS, Deceased; WILLIAM P. OLLIVER and ROBERT D. OLLIVER, Minors, by Their Guardian ELLA SEARS KAY, Appellants, v. ALMA G. SEARS, as Executrix of the Will of W. P. SEARS, Deceased, Appellee.

Mr. F. L. Zimmerman and Mr. Allan K. Perry, for Appellants.

Messrs. Phillips, Holzworth & Phillips and Mr. David P. Jones, for Appellee.

ROSS, C. J.—This is an appeal from an order in probate approving and settling an annual report and account of Alma G. Sears, executrix of the will of W. P. Sears, deceased. The report or account was excepted to by Ella Sears Kay, as guardian of William P. Olliver and Robert D. Olliver, minor grandchildren and devisees of the deceased. These minors, by their guardian, Ella Sears Kay, bring the appeal here.

The first action of the court of which appellants complain is directed at an order in Division No. 4 of the court (Judge NILES presiding), assigning the proceeding to Division No. 1 (Judge PHELPS

presiding) without affording them an opportunity to object to Judge PHELPS. The order for the change of judges was made March 14, 1938, and recited that it was done on the court's own motion. As a matter of fact, the guardian had on March 2, 1938, filed an affidavit of bias and prejudice against Judge NILES and the transfer, we think, should be treated as made in pursuance of the statute. Section 3721, Revised Code of 1928, makes it the duty of a judge, when a disqualifying affidavit is filed with him, to at once transfer the action to some other division of the court, or to request a judge of some other county to preside in the hearing and trial.

Section 3888, Id., besides giving certain grounds of disqualification of a judge, adopts the procedure for changing judges in probate, including the grounds of bias and prejudice, as prescribed in civil actions.

Section 3723, Id., provides that not more than one change of judge shall be granted in an action, but that as to such change each party shall be heard to urge objections to any judge, and the change shall be made to a judge to which the objections do not apply, or are least applicable, or to a judge agreed upon by the parties.

It seems to us that these provisions of the statute made it the duty of the court to give appellants an opportunity to object to Judge PHELPS before entering the order transferring the proceeding to him. The statute is mandatory that the parties have an opportunity to object, in the first instance, to a proposed judge, but the court is not bound by any objection made by the parties and may, in the exercise of a sound discretion, disregard objections.

■ After the order transferring the matter, the court heard the guardian's objections to Judge PHELPS and overruled them. Although such hearing should have been in advance of the order, the ir-

regularity in that respect was waived by the guardian when she applied for and was given an opportunity to urge her objections.

 An affidavit of bias and prejudice was filed by the guardian against Judge PHELPS and he, notwithstanding, proceeded to hear and determine the exceptions to the annual report and account of the executrix. It is contended that Judge PHELPS, by reason of such affidavit, was disqualified. The statute, section 3723, *supra,* however, limits the right to a change of judge to one change.

The court upon the hearing, Judge PHELPS presiding, overruled the guardian's exceptions to the annual report and account of the executrix on the ground the the will of the testator gave her all of the property to use and consume as she saw fit, without requiring her to account to any person whomsoever. This ruling is assigned as error.

The exceptions to the account were (a) that an item of $252.62, balance of rent of a certain piece of property after deducting taxes, repairs and all expenses, was not fully itemized; (b) and (c) that an expense of $225 per month out of the estate for the support and maintenance of the widow was excessive and wasteful; and (d) that she has a large income from her separate property.

██ The claim of the guardian seems to be, not so much that her exceptions were well taken, but that the court had no right to look to the terms of the will to determine if the exceptions were valid. She contends that in the probate proceeding to consider exceptions to the executrix' annual report and account the court could not construe the will. It seems to us that when the guardian took exceptions to any item of the account, as not being a proper charge against the estate, that it became absolutely necessary that the will be examined. At most, the interest of the

Olliver children was residual and contingent and, whether such interest gave them the right to except to the items objected to, certainly depended upon the terms of the will. The material part thereof reads:

"ITEM TWO: I give, devise and bequeath to my wife, Alma G. Sears, of Phoenix, Arizona, all of my property and estate of whatsoever nature and kind and wheresoever situated, of which I may die possessed and to which I may be entitled, both in law and in equity, in possession and in expectancy, to have and to hold to my said wife for and during the period of her natural lifetime. I give unto my said wife the full power and authority to use and consume all or any portion of my estate and to that intent and purpose I give her full power and authority to lease, mortgage, sell or otherwise manage and dispose of any and all of the same to the same extent and in the same manner that she would use and enjoy the same were it her sole and separate property, without making any accounting therefor to anyone or to any court whatever.

"ITEM THREE: Upon the death of my said wife, whatsoever of my estate then remains, I give, devise and bequeath in the following manner to wit:

. . . . . . . . . .

"Two-eighteenths thereof to my grandson, William P. Oliver, of Phoenix, Arizona, to have and to hold unto himself, absolutely.

"Two-eighteenths thereof to my grandson, Robert D. Oliver, of Phoenix, Arizona, to have and to hold unto himself, absolutely."

This court, in *Smith* v. *Teel,* 35 Ariz. 274, 280, 276 Pac. 850, 852, speaking of a will whose terms were somewhat similar to the terms of the will in question, said:

"His intention was that she [the surviving widow] should sell all or any portion of it [the property] if such action in her judgment became necessary to satisfy her needs and bring her the enjoyment he wished her to have. If the interest on the proceeds of such sales when invested, together with the income from the

unsold portion, were not sufficient for her, the principal to the extent of her needs and comforts was also placed at her disposal. She was not limited unreasonably in her own use and enjoyment of the estate, but was given the right to use it any way that her judgment told her would bring this result. If she had felt that she would enjoy an extensive trip abroad, for instance, the right to use it for that purpose was hers.''

The way we read this will, it was the wish of the testator that his widow should during her lifetime enjoy not only the income of the estate but the *corpus* thereof in any way or manner agreeable to her, with only an implied limitation against her giving it away or foolishly wasting it.

The court correctly rejected the exceptions to the annual report and account of the executrix. The exceptions were without merit and any other ruling would have been erroneous.

■ Appellants further contend in their brief that Rule VII of the Uniform Rules of the Superior Courts was not complied with, in that the decree settling the report and account of the executrix was ''signed and filed without submission to counsel for appellants, and without approval as to form.'' The record is silent as to the correctness of this statement. It shows a minute entry approving and settling the report and account. It also contains a formal written judgment signed by Judge PHELPS. Appellants took no steps in the trial court to make a record showing that the written decree or order approving and settling the report and account was signed and filed without submission to their counsel. Appellee's counsel state as a fact that after Judge PHELPS announced his decision he

''requested counsel for appellee herein to prepare a formal decree of settlement of account in accordance with the minute order of the court. This, counsel for appellee stated, he did do immediately and counsel for

58

both parties thereupon agreed that a copy of such formal order, as signed by Judge PHELPS, would be mailed to Mr. Perry, attorney for appellants."

This statement of what took place is not disputed by appellants' counsel.

Accepting the record as it stands and the statements of counsel, we conclude that, if a strict compliance with Rule VII was not observed, it was waived by the appellants.

Appellee urges that Rule VII has no application to an order or decree in probate approving and settling accounts. Whether that is true or not, we find it unnecessary to decide.

The order and decree as entered, approving and settling the report and account of the executrix, should be affirmed, and it is so ordered.

LOCKWOOD and McALISTER, JJ., concur.