[Civ. No. 11113. Second Appellate District, Division One.—January 25, 1937.]

THE PEOPLE, Appellant, v. SANTO TEDESCO, Respondent.

[Civ. No. 11114. Second Appellate District, Division One.—January 25, 1937.]

THE PEOPLE, Appellant, v. WESTERN TRUCKING COMPANY, INC., Respondent.

Ira H. Rowell, Frank B. Austin, George E. Howard and Herbert Cameron for Appellant.

Horowitz & McCloskey for Respondents.

BISHOP, J., *pro tem.*—We are invited, in these two cases, to enter upon an interesting field of study for the purpose of surveying the line which marks the boundary between

the right of the state to fix minimum rates for the trucking business and the right of the federal government to have its work done at a price to be determined by unrestricted competitive bidding. Because the complaints upon which our approach to the problem depends are insufficient, our investigation stops with our approval of the orders sustaining demurrers without leave to amend.

The authority upon which the plaintiff relies for each of these actions is the Highway Carriers' Act, chapter 223, statutes of 1935, page 878. Without stopping to learn at this moment what a "highway carrier" is, we note that section 10 of the act authorizes the Railroad Commission to prescribe minimum rates for highway carriers, and makes it unlawful for any highway carrier to charge or collect any lesser rate than the minimum so established. In addition to making a violation of the act a misdemeanor (section 14), it is declared (section 15) that everyone who violates any of the provisions is subject to a penalty of not more than $500, which may be recovered in an action brought in the name of the People of the State of California. It is to recover of each defendant several of these penalties for charging less than the established minimum rates that these actions were brought.

■ We have reached the conclusion that the complaints, identical in their defects, fail sufficiently to show that the defendants were "highway carriers" within the purview of the statute. A formal definition is given in section 1, subdivision (f) in these words: "The term 'highway carrier' when used in this act means every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever engaged in transportation of property for compensation or hire as a business over any public highway in this State by means of a motor vehicle or motor vehicles. However, it does not include carriers operating exclusively within the limits of a single incorporated city or city and county, nor does it include persons rendering casual transportation services as an accommodation, and not in the usual or ordinary course of business of such person, nor does it include persons hauling their own products." Stripped of words inapplicable to our problem, a highway carrier, within the meaning of the Highway Carriers' Act, is a corporation or person engaged in the transportation

of property for compensation or hire as a business over any public highway in this state by means of motor vehicles. Under this definition, it will, of course, be conceded, one who buys and sells second-hand trucks as his business, is not a highway carrier. It is equally clear, in our opinion, that he would not become a highway carrier if he should enlarge his business so that he hired out his trucks to anyone who wanted to use them, even including someone who made use of them to transport property on the highways for compensation. The hirer (or lessee) would be a highway carrier, but not the letter (or lessor). It would also be true that one, although in the business of transporting property by trucks on the highway, would not be a highway carrier, so far as the operation of particular trucks was concerned, if they were hired to and were being operated by another. It is what the owner does, not what his trucks are doing, that determines whether or not he is a highway carrier.

The amended complaints were faulty in that they failed to allege facts from which it appears clearly what the defendant-owners' relation to the truck was. It appears in each amended complaint that the defendant is, or at least may be, the letter of trucks to the United States government. To each amended complaint a special demurrer was interposed as to each of the several causes of action, based on the ambiguity of the separate causes in two particulars: (a) "that it cannot be ascertained therefrom whether the use of the highways by the trucks referred to was by the defendant or by the United States", and (b) "that it cannot be ascertained therefrom whether the contract referred to was one of rental of the trucks or was one by which the defendant agreed to transport material for the United States". The demurrers point at a weakness of the complaints in a vital place and were, we find, properly sustained.

Paragraph IV of the amended complaint in the action, in which Tedesco was the defendant, reads as follows: "On or about the 28th day of February, 1936, a contract was made and entered into by and between the United States of America represented by Contracting Officer of the War Department and defendant, Santo Tedesco, whereby defendant became obligated to furnish and provide eight (8) four cubic yard, water measure capacity, hydraulic dump-body

trucks with operators, for the transportation of property for hire or compensation over the public highways of the State of California for and during the period of ninety (90) calendar days thereafter and said War Department became obligated thereby to pay defendant the sum of $2.24 per hour for each truck with operator less 2% discount for payment within ten (10) calendar days, less 1% discount for payment within twenty (20) calendar days, which said sum included the amount of Sixty (60) Cents which had been theretofore fixed and determined by the Contracting Officer of said War Department as the prevailing hourly wage to be paid to each truck operator; that pursuant to said contract said trucks were to be furnished by defendant for use by said War Department for the transportation of property for compensation or hire as a business over public highways in the said County of Los Angeles on the Los Angeles County Flood Control Project.''

Paragraph IV of the amended complaint in the companion case is identical with that just quoted, except for a variance in the name of the defendant, the number of trucks to be furnished and the rental rate.

Had we no more than these paragraphs to enlighten us we should be compelled to conclude that the contracts between the defendants and the federal government were ones whereby the latter hired and the defendants let trucks for the use of the hirer. Elsewhere in the complaint a doubt is cast upon this understanding of the situation, for it is alleged that the defendants engaged in the transportation by motor vehicles of property for compensation; but it is only a doubt, for the allegation is linked back to paragraph IV by the further statement: ''pursuant to said contract''. In any event, the amended complaints were ambiguous in the two particulars specified in the demurrers, which were, therefore, properly sustained.

The judgments dismissing the actions are affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1937.