330 P.2d 507

Mae HENDRICKSON, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCHISE, and the Honorable Frank E. Thomas, Judge thereof, Respondents.

No. 6682.

Supreme Court of Arizona.

Oct. 15, 1958.

Anthony T. Deddens, Bisbee, for petitioner.

Gentry, McNulty & Kimble, Bisbee, for respondents.

WINDES, Justice.

Mae Hendrickson, hereinafter designated petitioner, and one Joe Botzko each filed a petition to probate alleged holographic wills of E. R. Pague, deceased. Belle Grimshaw, sister of decedent, contested the probate of either alleged will and Botzko contested the probate of the will alleged in Hendrickson's petition. The matter was heard before a jury and resulted in a mistrial because of failure to agree. Thereafter Botzko and Grimshaw each filed separate petitions for the appointment of a special administrator. Prior to the hearing of these petitions, Hendrickson filed a motion for change of judge upon the ground of bias and prejudice supported by her affidavit reciting the former trial and discharged jury and stating the following:

12

"That, because of matters and facts of which affiant was not aware at the start of said trial, affiant states that she has cause to believe and does believe that the Honorable Frank E. Thomas is biased and prejudiced, and that on account of said bias and prejudice she cannot obtain a fair and impartial retrial of the issues of said case before the said Judge Frank E. Thomas."

The respondent judge assigned the cause to the Honorable Jesse A. Udall, judge of the superior court of Graham county, and set the petitions for the appointment of special administrator for hearing by Judge Udall on April 30, 1958. On April 21st respondent judge of his own motion made an order vacating the order assigning the matter to Judge Udall and on the day set for the hearing, Judge Udall at the request of respondent judge, reassigned the matter to him for all further proceedings. Respondent proceeded to hear the petitions for special administrator. Petitioner objected to respondent proceeding in the hearing and renewed her motion for change of judge. The respondent heard from opposing counsel and denied the motion upon the ground the affidavit was not timely filed and was of no force and effect and proceeded to hear the matter. Petitioner withdrew from the hearing. The court appointed an administrator and thereafter set the case for retrial. We ordered issuance of alternative writ of prohibition commanding respondent to desist and refrain from further proceeding in the action until further order of this court.

The question for solution is whether under the foregoing circumstances the respondent judge could decide as a matter of law that the affidavit of bias was of no force and effect because not timely filed. The rule is that an affidavit of bias and prejudice must be seasonably filed or it is waived. It is likewise the rule that when the disqualifying facts are unknown to affiant until after the expiration of the time that the affidavit should normally be presented, the application for change of judge is timely if made upon the discovery of such facts. This latter rule is well stated in 48 C.J.S. Judges § 94, page 1086, as follows:

"Where the party entitled to object is not informed of the disqualifying facts until after the expiration of the time in which objection should be made, his objection, made on discovery of the facts, will be regarded as seasonably made."

As an excuse for submitting to trial before respondent in the first instance, the petitioner makes oath that at the beginning of the trial she was not aware of matters and facts which now cause her to believe that she cannot obtain a fair and impartial retrial of the case. If it be true that since the beginning of the first trial petitioner has

discovered facts which would cause her as a reasonable person to honestly believe that respondent cannot or will not impartially retry the case, our view is that the application for change of judge was seasonably made.

The troublesome question, unanswered by any pronouncement of this court, is how such an application should be processed. Unquestionably, interested parties were entitled to a hearing upon the motion for a substitute judge. This was had and respondent decided as a matter of law without any inquiry as to the nature of the claimed after-discovered facts or the subsequent discovery thereof that the application was untimely and of no force and effect. We think this was error. A proper affidavit of bias filed under such conditions that its timeliness cannot be questioned imports verity, cannot be challenged and operates to disqualify. Stephens v. Stephens, 17 Ariz. 306, 152 P. 164. Of necessity an affidavit such as is herein concerned cannot come under this rule for the reason that its timeliness is dependent upon a subsequent discovery of facts that warrant an honest belief that the judge is biased. Such an affidavit may be challenged and if this be done, the legal sufficiency and timeliness of the affidavit must be determined by the judge presiding or one to whom the matter may be assigned for that purpose. Such determination cannot be made without knowing the claimed after-discovered facts and whether they were subsequently discovered. Consequently, in the event the validity of the affidavit is questioned by the judge or an opposing party, a hearing should be had and inquiry made and affiant required to disclose the facts relied upon and subsequent discovery thereof. If the facts are not such as would warrant the affiant as a reasonable person in honestly believing that the questioned judge is biased or if it appears they were not subsequently discovered, the application should be denied as a matter of law. If, on the other hand, the claimed after-discovered facts, if true, would warrant affiant as a reasonable person in honestly believing she would not obtain a fair and impartial trial and the application for substitute judge was made upon discovery of such facts, the same should be granted.

So far as the record shows, the truth of the affidavit has not been challenged, the court merely being of the opinion no such affidavit could operate as a legal basis for change of judge. Until challenged either by the judge or the opposing party it must be considered as prima facie true and timely filed. State ex rel. Chambers v. Heil, 229 Ind. 176, 96 N.E.2d 225; Tharp v. Massengill, 38 N.M. 58, 28 P.2d 502.

Peremptory writ of prohibition shall issue.

UDALL, C. J., and PHELPS, STRUCKMEYER, and JOHNSON, JJ., concur.