435 P.2d 871

**STATE of Arizona ex rel. Richard J. RILEY, County Attorney of Cochise County, Arizona, Petitioner,**

**v.**

**The Honorable John P. COLLINS, Judge of the Superior Court, Pima County, Arizona, Respondent,**

**Joe G. Good, Bert B. Watkins, Ray Brown and Harriet Hiester, Real Parties in Interest.**

**No. 2 CA–CIV 453.**

Court of Appeals of Arizona.

Jan. 5, 1968.

Rehearing Denied Jan. 31, 1968.

Review Denied March 12, 1968.

Richard J. Riley, Cochise County Atty., by Alan L. Slaughter, Chief Deputy County Atty., for petitioner.

W. Shelley Richey, Douglas, Wesley E. Polley, Bisbee, for respondent and real parties in interest.

CAMERON, Chief Judge.

This is a writ of certiorari to review the actions of the respondent, Superior Court Judge John P. Collins, in refusing to disqualify himself at the request of the County Attorney of Cochise County in certain criminal cases filed in that County.

We are called upon to answer three questions:

1. Did the County Attorney by his request that Judge Deddens disqualify himself, in the cases under consideration, exhaust the State's right to peremptorily disqualify Judge Collins from presiding?

2. Did the County Attorney show that Judge Collins was actually biased and prejudiced?

3. Can the Court of Appeals in an action for extraordinary relief consider an affidavit not part of the record of the trial court but filed for the first time in the pleadings before this Court?

The facts necessary for a determination of this matter are as follows. A grand jury was convened in Cochise County, Arizona, on 18 August 1966. The grand jury handed down numerous indictments. These matters were filed and given a criminal file number. Pursuant to Rule 1(a) of the local Rules of Superior Court for Cochise County, 17 A.R.S., the odd numbered cases were assigned to Division I of the Superior Court of Cochise County; the even numbered cases were assigned to Division II.

The transcript of proceedings shows that on 24 October 1966 the County Attorney asked Judge Deddens to disqualify himself in cases numbered 7091, 7095, 7103, 7107, 7109, 7111, 7115, and 7117, and these cases were assigned by Judge Deddens to the respondent, Judge Collins. The file in case number 7099 shows that the County Attorney filed an application for change of judge on 4 October 1966, the matter was assigned to the Honorable Jack D. H. Hays, Superior Court Judge, that the defendant Ray Brown then disqualified Judge Jack D. H. Hays, and the matter was then assigned to respondent Judge Collins. Thereafter on 21

March 1967 the County Attorney, in all of the cases before Judge Collins and now before this Court, filed an "Application for Change of Judge" supported by "Affidavit of Actual Bias and Prejudice". A hearing was held on this application and Judge Collins denied the application for change of judge. The County Attorney brought this writ of certiorari to review Judge Collins' actions.

## DID THE COUNTY ATTORNEY EXHAUST HIS PEREMPTORY CHALLENGE WHEN JUDGE DEDDENS WAS DISQUALIFIED?

■ At the oral argument upon the return of the writ in this matter, petitioner conceded that the County Attorney had exhausted the right to a peremptory challenge when he asked Judge Deddens to step aside. From a reading of the record we are in agreement with the County Attorney's candid statement on this point, and we hold that the County Attorney had exhausted his peremptory right when Judge Deddens was asked to disqualify himself, and that the County Attorney therefore had no peremptory right to challenge respondent Judge Collins. American Buyers Life Ins. Co. v. Superior Court, 84 Ariz. 377, 329 P.2d 1100 (1958), State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965), Rule 198, Rules of Criminal Procedure, 17 A.R.S., § 12–411 A.R.S.

## DID THE COUNTY ATTORNEY CARRY HIS BURDEN OF SHOWING ACTUAL BIAS AND PREJUDICE?

■ The rules pertaining to change of judge are essentially the same in civil as in criminal cases. Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955), and our Supreme Court has stated:

"In Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d 507, 73 A.L.R.2d 1235, we specifically recognized two types of affidavits of bias and prejudice. The first is an affidavit of bias and prejudice filed under such conditions that its timeliness cannot be questioned. Such an affidavit imports verity, cannot be chal-

lenged, and operates to disqualify the trial court; the second, an affidavit of bias and prejudice made when disqualifying facts are unknown to affiant until after the time has expired for the affidavit to be normally presented. Under the second the truth of the affidavit must be established. * * *" State v. Neil, 102 Ariz. 110, 425 P.2d 842, 845, (1967). In the instant case the affidavit not being peremptory the matter must be considered under the second type of affidavit, and the County Attorney had the burden of establishing the truth of the affidavit:

"* * * in the event the validity of the affidavit is questioned by the judge or an opposing party, a hearing should be had and inquiry made and affiant required to disclose the facts relied upon and subsequent discovery thereof. If the facts are not such as would warrant the affiant as a reasonable person in honestly believing that the questioned judge is biased or if it appears they were not subsequently discovered, the application should be denied as a matter of law. If, on the other hand, the claimed after-discovered facts, if true, would warrant affiant as a reasonable person in honestly believing she would not obtain a fair and impartial trial and the application for substitute judge was made upon discovery of such facts, the same should be granted." Hendrickson v. Superior Court, 85 Ariz. 10, 13, 330 P.2d 507, 509, 73 A.L.R.2d 1235 (1958).

Thus it would appear in the instant case that the County Attorney of Cochise County in attempting to disqualify the respondent Judge Collins for actual bias and prejudice had the burden of showing such facts as would establish the bias and prejudice of the Judge. While it might appear, as Hendrickson v. Superior Court, supra, suggests, that the better practice would have been for Judge Collins to assign the hearing on this matter to another Superior Court judge for a determination, the statute, rules, and case law in Arizona does not require this to be done, and after a search of the record in this case we have been unable to find that Judge Collins was in error in failing to disqualify himself.

## MAY WE CONSIDER AN AFFIDAVIT IN SUPPORT OF RESPONDENT'S POSITION FILED FOR THE FIRST TIME IN THIS COURT AND NOT CONTAINED IN THE RECORDS OF THE SUPERIOR COURT?

Respondent in his response to the petition for writ of certiorari filed an affidavit of an attorney to show lack of interest (and bias and prejudice) in a phase of the proceedings before the trial court. Petitioner objected claiming that this Court was bound by the record and could not consider any such extraneous matters. Mercado v. Superior Court, 51 Ariz. 436, 437, 77 P.2d 810 (1938).

We have limited ourselves in this matter to the record before the trial court, and since we find no error from that record we do not decide whether or under what circumstances we would consider affidavits or other matters presented to this Court for the first time on application for extraordinary relief.

The writ of certiorari previously issued by this Court is quashed, and the decision of respondent Judge Collins in refusing to disqualify himself is affirmed.

DONOFRIO and STEVENS, J., concur.

This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E.