879 P.2d 367

MERVYN'S, a California corporation,
Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable C. Kimball Rose, a judge thereof, Respondent Judge,

MARICOPA COUNTY, a political subdivision of the State of Arizona; and the Department of Revenue of the State of Arizona, Real Parties in Interest.

PIMA GRANDE DEVELOPMENT, an Arizona general partnership,
Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable C. Kimball Rose, a judge thereof, Respondent Judge,

MARICOPA COUNTY, a political subdivision of the State of Arizona; and the Department of Revenue of the State of Arizona, Real Parties in Interest.

DAYTON HUDSON CORPORATION, a Minnesota corporation, doing business as Target, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable C. Kimball Rose, a judge thereof, Respondent Judge,

MARICOPA COUNTY, a political subdivision of the State of Arizona; and the Department of Revenue of the State of Arizona, Real Parties in Interest.

Nos. 1 CA–SA 94–0081, 1 CA–SA 94–0082 and 1 CA–SA 94–0083.

Court of Appeals of Arizona, Division 1.

Aug. 16, 1994.

Mark L. Manoil, Phoenix, and Flanagan, Bilton & Brannigan by Dean H. Bilton, Chicago, IL, co-counsel, for petitioners Mervyn's, Pima Grande and Dayton Hudson.

Helm & Kyle, Ltd. by John D. Helm, Roberta S. Livesay, Ileen K. Keenan, James C. Carty, Tempe, for real parties in interest Maricopa County.

## OPINION

GRANT, Presiding Judge.

These three special actions were filed and considered by this court on the same date. On April 18, 1994, we issued an order accepting jurisdiction of the special actions and denying relief. The order stated that an

opinion would be issued in due course. This is that opinion.

In these special actions we are asked to decide a question of first impression: whether a taxpayer has a peremptory right to a change of judge in the Arizona Tax Court and whether a hearing must be held when an affidavit of bias and prejudice is filed against the Tax Court Judge. Since the facts and issues in all three cases are essentially the same, we have consolidated them for purposes of this opinion only.

## FACTS AND PROCEDURAL HISTORY

The petitioners' cases in the Arizona Tax Court concern the validity of property taxes on possessory (leasehold) interests of Indian land. The taxes have been paid, and the petitioners are seeking refunds on the theory that the tax is invalid. On February 10, 1994, petitioners filed affidavits of grounds for change of judge, pursuant to Ariz.Rev. Stat.Ann. ("A.R.S.") section 12–409. Each affidavit was signed by the party, not by counsel, and stated that the party believes that Judge William J. Schafer, III, the assigned Tax Court Judge, would not be a fair judge based on statements made by the judge in rulings in other cases similar to the petitioners' cases. The affidavits state that because of judicial decisions Judge Schafer made in two other tax cases with the same or similar issues, he would be prejudiced in the three instant cases. Prior to the filing of these affidavits for change of judge, Judge Schafer had made no rulings nor entered any orders in the petitioners' cases. The affidavits were filed after the defendant Maricopa County's Answer and standard discovery requests. The timeliness of the affidavits is not in question.

On February 14, 1994, Respondent Judge C. Kimball Rose as the Presiding Judge of the Superior Court, entered an order denying the change of judge requested by petitioners. The Respondent Judge based his decision on the concept that the "bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his participation in the case" (citing *Smith v.*

*Smith,* 115 Ariz. 299, 303, 564 P.2d 1266, 1270 (1977)).

## ISSUES

1. Is there a right to a peremptory change of judge in the Tax Court?
2. Was the decision of the Respondent Judge denying a timely filed affidavit of grounds for change of the Tax Court Judge, pursuant to A.R.S. section 12–409, arbitrary, capricious, and an abuse of discretion?

## DISCUSSION

Effective September 30, 1988, the Arizona Legislature created the Tax Court by adding Article 4, titled "Tax Court," to Title 12, "Courts and Civil Proceedings," of the Arizona Revised Statutes. This legislation created a special "department" of the Maricopa County Superior Court for the assignment of all tax disputes. A.R.S. § 12–163(A). A.R.S. section 12–164(A) provides that a superior court judge shall be assigned to the Tax Court by the presiding judge of Maricopa County Superior Court. In addition to having the qualifications prescribed by law for a superior court judge, the judge of the Tax Court is required to demonstrate a willingness to specialize in tax cases and a willingness to serve as a tax judge for at least two years. A.R.S. § 12–164(B). The statute providing for a change of judge in the Tax Court, A.R.S. section 12–165, states that a change shall be granted only for cause as required by A.R.S. section 12–409, which states in relevant part:

A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

B. Grounds which may be alleged as provided in subsection A for change of judge are:

\*     \*     \*     \*     \*     \*

5. That the party filing the affidavit has cause to believe and does believe that on account of bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial.

The Tax Court Rules are silent concerning change of judge. Arizona Rules of Civil Procedure Rule 42(f)(1)(A), allows change of judge as a matter of right for any action in superior court "except an action in Arizona Tax Court...." This is consistent with the Tax Court Act, A.R.S. section 12–165. The procedure for change of judge based on cause, pursuant to A.R.S. section 12–409, is set out in Rule 42(f)(2). That procedure was followed in this case because the decision on the request for change of judge was made herein by the presiding judge, not the assigned judge. The decision by the presiding judge did not occur after a hearing because the presiding judge ruled that the affidavits were not sufficient on their face to warrant a hearing.

Petitioners argue that in the absence of clear procedural rules for the Tax Court, the automatic change of judge provisions of A.R.S. section 12–409 apply. *Lewis v. Kelliher,* 171 Ariz. 228, 829 P.2d 1274 (App.1992) (holding that the requirements of section 12–409 apply to juvenile court proceedings). The *Lewis* case arises from the juvenile court, and the Rules of Procedure for the Juvenile Court like the Tax Courts do not expressly provide for a peremptory change of judge. The *Lewis* court reversed a denial of the requested change, holding that the plaintiff was entitled to a change of judge under A.R.S. section 12–409. *Lewis* is not controlling here, however, because A.R.S. section 12–165(c) specifically requires that a change of judge in the Tax Court be granted "only for cause."

■ The petitioners argue that they possess a peremptory right to a change of judge once an affidavit of bias and prejudice is filed. We do not agree. Since there is by statute, only one Tax Court Judge in the state, and the statute provides that the judge can be challenged only for cause, we agree with the trial court that there is no right to a peremptory change of the Tax Court Judge. A.R.S. § 12–165.

■ Since there is no right to a peremptory change of judge in the Tax Court we must consider whether the Respondent Judge properly denied this motion for change of judge for cause. The veracity and reasonableness of the allegations in the affidavits supporting a motion for a change of judge for cause must be considered on their face before a hearing to establish cause is ordered. We also agree with the Respondent Judge that these affidavits were insufficient on their face as a matter of law. Therefore the Respondent Judge was not required to conduct a hearing on the requests for change of judge. We agree with the Respondent Judge that the bias and prejudice alleged in the affidavit must be from an extra-judicial source in order to merit a hearing.

Rule 42(f)(2)(A), Arizona Rules of Civil Procedure, sets forth the means by which a party initiates a "Proceeding(s) Based On Cause." The Rule states in relevant part:

**(A) Grounds.** Grounds for proceedings based upon cause are stated in A.R.S. section 12–409 and proceedings under that statute shall be governed by this rule.

\* \* \* \* \* \*

**(D) Hearing and assignment.** The presiding judge shall forthwith provide for a hearing to determine the issues connected with the affidavit. The hearing judge shall decide the issues by the preponderance of the evidence and, following the hearing, shall return the matter to the presiding judge who shall as quickly as possible assign the action back to the original judge or make a new assignment, depending on the findings of the hearing judge.

The State Bar Committee Notes to the 1971 Amendments to the rule state in relevant part:

**[Rule 42(f)(2)(D) ]** This section is new. With part 1 of this rule covering change of judge as a matter of right, it is no longer appropriate for the affidavit itself to accomplish disqualification. When change of judge as a matter of right is no longer available to a litigant, actual disqualification must be asserted and proved. This may be done late in the proceedings if

necessary. *Hendrickson v. Superior Court*, 85 Ariz. 10, 330 P.2d 507 (1958) and *Conkling v. Crosby*, 29 Ariz. 60, 239 P. 506 (1925).

Rule 42(f)(2)(D) clearly explains that since a change of judge as a matter of right does not exist in the Tax Court, the litigant must assert and prove "actual disqualification." Here the petitioners did not make a prima facie showing of grounds for actual disqualification. The affiants stated that they did not agree with judicial decisions made by Judge Schafer in certain other cases with similar issues. A judge's legitimate exercise of judicial discretion cannot be the basis of the bias and prejudice required for a change of judge for cause. *In re Guardianship of Styer*, 24 Ariz.App. 148, 151, 536 P.2d 717, 720 (1975). Furthermore, this procedural rule was adopted long before the Tax Court legislation and therefore could not have anticipated the special circumstances of the Tax Court.

The petitioners state they should have been granted a hearing "forthwith" as the rule states. We do not find a hearing to be required when the facts of the affidavit, even if taken to be true, would not support a finding of bias and prejudice. An affidavit must be considered "as prima facie true" until challenged either by the judge or the opposing party. *Hendrickson v. Superior Court*, 85 Ariz. 10, 13, 330 P.2d 507, 509 (1958). The *Hendrickson* court talks in terms of disqualifying *facts that warrant an honest belief that the judge is biased.* No such facts were presented in petitioners' affidavits. Petitioners merely indicated how the judge had ruled in previous cases to which they were not parties.

Petitioners are challenging "the right and propriety of the judge to preside over the trial of the case." *Conkling v. Crosby*, 29 Ariz. 60, 66, 239 P. 506, 512 (1925). The *Conkling* court referred to the provisions of paragraph 500, Revised Statutes of Arizona of 1913, Civil Code, for those reasons supporting a change of judge for cause: (1) the judge had been engaged as counsel in the case prior to becoming a judge, (2) the judge is related to either party, (3) the judge is a material witness in the case or (4) other bias and prejudice exists preventing a fair and impartial trial. *Id.* The *Conkling* case dealt with the indebtedness of the trial judge to a party. All of the reasons for disqualification discussed in *Conkling* are extra-judicial, or are the reasons previously stated from the 1913 Civil Code. We are guided here by the canon of construction referred to as *ejusdem generis.* In accord with this canon, when specific categories are followed by a general category, the meaning of the general words will be presumed to be restricted to include only things of the same kind as those specifically enumerated. *Ryder Truck Rental, Inc. v. City of Phoenix*, 172 Ariz. 490, 497, 838 P.2d 829, 836 (Tax 1992), *rev'd on other grounds*, 179 Ariz. 537, 880 P.2d 1083 (App. 1993). The 1913 Civil Code provision was the precursor to our present rule of procedure for change of judge for cause. The general phrase "or other bias and prejudice preventing a fair and impartial trial" is restricted by the doctrine of *ejusdem generis* to the same kind of reasons that were specifically enumerated—all of which were extra-judicial actions by the judge. Therefore, a judge's legitimate judicial rulings in other cases clearly cannot form a basis for a party's claim of bias and prejudice. *See City of St. Johns v. Superior Court*, 155 Ariz. 369, 372, 746 P.2d 941, 944 (App.1987).

Since the instant affidavits taken as true do not present any disqualifying facts, the Respondent Judge had no reason or duty to hold a hearing. These affidavits fail on their face to allege the necessary bias and prejudice. We therefore affirm the orders of the Respondent Judge in denying the motions for change of judge for cause in these cases. Relief denied.

EHRLICH and McGREGOR, JJ., concur.