329 P.2d 1100

**AMERICAN BUYERS LIFE INSURANCE COMPANY, American Buyers Insurance Company, American Buyers Assurance Company, American Buyers Casualty Company, American Buyers Credit Company, ABC Loan Company, American Buyers Insurance Company of Utah, W. I. Lowry, W. A. McLeod, W. W. Trew and H. R. McLeod, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR COUNTY OF MARICOPA, and the Honorable E. R. Thurman, one of the judges thereof, Respondents.**

No. 6689.

Supreme Court of Arizona.

Sept. 24, 1958.

Rehearing Denied Oct. 28, 1958.

W. W. Trew and Stockton & Karam, Phoenix, for petitioners.

Sidney B. Wolfe, Phoenix, for respondents.

WINDES, Justice.

Petition for writ of prohibition against the superior court in and for the county of Maricopa and the judge thereof to prevent the recognition of an affidavit of bias and prejudice. The pertinent facts are that petitioners are defendants in a suit seeking appointment of a receiver, injunctive relief and an accounting. A temporary restraining order had been issued. By appropriate pleadings defendants attacked the validity of the restraining order and the matter had been set for hearing at 3:00 o'clock p. m. on April 1st before the Honorable Henry S. Stevens. Prior to the hearing the attorney for plaintiffs advised Judge Stevens that his clients requested that he not hear the matter. In the minute order of Judge Stevens is the following:

"At a time after the entry of the order by this court fixing the hour of 3:00 P.M. this date as the time for the hearing of any motion which may be made seeking to quash or vacate the temporary restraining order, Mr. Wolfe the attorney advised this Judge that his clients request that this Judge not hear this matter, and this Judge having examined the pleadings and preferring to honor said disqualification without the necessity of the filing of an affidavit, inquiry was made as to the possible availability of another judge of this court."

The matter was then assigned to the Honorable Yale McFate of Division 10. After making certain orders Judge McFate announced his disqualification and the case was assigned permanently to the late Judge Baker and after his death the case was permanently assigned to respondent, the Honorable E. R. Thurman. Thereafter certain motions were argued before and decided by Judge Thurman. The minute order of Judge Thurman's reflects that he

partially granted plaintiffs' motion to strike from defendants' answer and ordered the following:

"It is ordered that the motion of plaintiffs' filed June 20, 1957, for an order amending peremptory writ of mandamus issued and dated June 19 1957, at 5:30 P.M., is denied.

"It is ordered that the objections of plaintiff filed August 26, 1957, to the report of manner of compliance with peremptory writ of mandamus are over-ruled.

"It is ordered that the motion of plaintiffs' filed June 24, 1957, to produce, is denied.

"It is ordered that the motion of plaintiffs' filed May 17, 1957, for leave to file a response on behalf of plaintiffs to motion of defendants' to advance the case on the civil trial calendar is denied.

"It is ordered that the motion of defendants filed May 3, 1957, to advance the case on the trial calendar is granted.

"It is ordered that the motion of defendants filed May 2, 1957, to set the above captioned case for trial on its merits is granted, and the case is to be set for trial after consultation with attorneys for respective parties."

About twelve days later when counsel for the parties were in consultation, counsel for plaintiffs filed an affidavit of bias and prejudice against Judge Thurman. Defendants objected to the judge recognizing the affidavit but after some study of the matter the judge felt impelled to give it legal effect but withheld his final ruling until the matter could be submitted to this court. We issued alternative writ of prohibition.

We have recognized that prohibition is an available remedy under the circumstances herein related. Arizona Conference Corp. of Seventh Day Adventists v. Barry, 72 Ariz. 74, 231 P.2d 426.

The local rules of the superior court in Maricopa County concerning the assignment of cases to the respective divisions make provision for the assignment judge within his discretion to assign a case to a particular judge "as a permanent assignment". Thereafter that judge is to handle all matters concerning that case. Such was the situation of this case when it was before respondent Thurman. A case thus assigned is taken out of the category of other cases wherein motions and other matters prior to trial are processed through the assignment judge.

Section 12–411, A.R.S., reads as follows:

"A. Not more than one change of venue or one change of judge may be granted in any action, but each party shall be heard to urge his objections to a county or judge in the first instance.

"B. A change of venue or judge shall be to the most convenient county, or judge, to which the objections of the parties do not apply or are least applicable.

"C. If the parties agree upon a county or judge, such county or judge shall be selected."

It is the contention of petitioners that to allow the respondent judge to honor the affidavit filed against him would violate this statute in that the plaintiffs in the action had already secured one change of judge by requesting Judge Stevens to disqualify, even though Judge Stevens did not require plaintiffs to file the statutory affidavit. We have held that the statute limits the right of a party to one change of judge. In re Estate of Sears, 54 Ariz. 52, 91 P.2d 874. The question thus presented is whether when one requests a change of judge on the basis of disqualification and the judge honors the request without requiring the affidavit, has the party exhausted his right which the statute allows for one change? Our view is that the sensible and proper construction of the statute in the light of its overall purpose is that when one suggests disqualification and accepts the favor of not being compelled to strictly comply with the statute by filing the prescribed affidavit, he has exhausted his right to disqualify by the use of an affidavit of bias. The overall purpose of the statute is to preserve for litigants their right to have their matters judged by one who is fair and impartial and prevent unnecessary expense and delays incident to multiple changes. To this end the absolute right is given to remove one judge. Whether that right is exercised by filing the affidavit or by a request to the alleged disqualified judge is immaterial. He gets what he is entitled to, a change of judge, without the necessity or possible embarrassment of filing the affidavit. In the event the party by either method causes the removal of one claimed to be partial the statute provides in the best possible way for the selection of one that is unobjectionable. The party is given the absolute right to object to the proposed substitutes and one shall be selected to whom there are no objections or the one to whom the objections are least applicable. In re Estate of Sears, supra; Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265. Through this process every possible provision is made to secure the litigant a fair and impartial judge.

■ In the history of the state we have never known a judge who was not zealous of interested parties' right to have a judgment rendered by one whom is believed to be fair and impartial. We also know there is a genuine reluctance on the part of attorneys to file affidavits of prejudice. Consequently, the tendency is, except under exceptional circumstances, for judges to recognize informal requests for disqualification. This is a wholesome practice:

when not abused and is conducive to good relationships between the bench and bar. It should not be used to gain an advantage not contemplated by the spirit and purpose of the statute. We do not wish to be understood as suggesting that these informal requests should be honored. That is a matter for court and counsel to decide. In the event a change of judge is requested and allowed without requiring the statutory affidavit, the record should clearly reflect such request and allowance, thus avoiding subsequent dispute concerning the matter.

We hold therefore that the plaintiffs in the suit involved exhausted their right to have a change of judge on the basis of bias and prejudice and the respondent judge should disregard the affidavit filed against him. Any other rule would merely place our trial judges in the position of always requiring strict compliance with the statute to avoid the delays, inconvenience and expense that would result from last minute disqualification of substitute judges. Our ruling is not without precedent. Evansville Metal Bed Co. v. Loge, 42 Ind.App. 461, 85 N.E. 979, 980. The only difference between that case and this is that therein it was a second application for change of venue when the first was granted by request without the prescribed affidavits. The statute, as does section 12-411, supra, provided for only one change of venue. The Indiana court said:

"It is true, as insisted by appellant, that the trial of causes by an unbiased tribunal is a matter of the highest concern to the law, and that to compel a party litigant to submit the decision of his cause to a prejudiced tribunal is a a gross invasion of his rights. That justice shall be administered speedily and without delay is also a matter of such high concern to the law as to find a place among the rights guaranteed the citizen in the Constitution of the state. * * * to prevent the abuse of this privilege and to insure the speedy administration of justice, the Legislature wisely provided that but one change of venue should be granted to the same party. As shown by the record, the change of venue from Gibson county was had at the request of the appellant. His right in this respect was thereby exhausted. The fact that the change was made without the formalities of an affidavit being filed, as required by the statute, and upon the agreement of the appellee, does not alter the case. It was nevertheless made upon the appellant's application. Appellant was requesting it; appellee merely consenting. No error was committed in refusing the second application."

The alternative writ of prohibition is made peremptory.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.