ALBERT C. GIANOLI, ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF JOHN DATA, APPELLANT, *v.* FRANCESCA GABACCIA, CONSTANTINO MASSA, MARIA PUGNO, GIUSEPPE DATA, ET AL., RESPONDENTS.

No. 4979

March 24, 1966                    412 P.2d 439

*E. R. Miller, Jr.,* of Ely, for Appellant.

*A. D. Demetras,* of Ely, for Respondents.

**O P I N I O N**

By the Court, ZENOFF, D. J.:

This is a case of will interpretation in which the sole matter at issue is the pertinence and application of Nevada's "anti-lapse statute," NRS 133.200. The lower

court ruled the statute inapplicable and ordered testate distribution accordingly. We reverse.

The testator, John Data, executed a valid will on December 2, 1946, the material paragraphs of which follow:

"SECOND: I give and bequeath to each of my brothers and sisters, the sum of five thousand dollars ($5,000.00).

"THIRD: All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, of which I shall die seized or possessed, or to which I shall be entitled at the time of my decease, or to which my estate shall thereafter become entitled, I give, devise and bequeath to my nephews and nieces, share and share alike."

Data, a bachelor, originally was from a family of seven. At the time of his will's execution, however, a brother, Giuseppe, and a sister, Caterina Massa, already had died. Subsequent to execution, but prior to Data's own death on February 22, 1965, two other brothers and a second sister died. Thus only one sister, Francesca Gabaccia, survived Data.

In petitioning the court for distribution of Data's estate, the Administrator, applying the anti-lapse statute, allowed, under the will's second paragraph, $5,000 each to the two brothers and two sisters who survived the execution of Data's will, though only one sister survived Data. The residue, as per the third paragraph of the will, then was divided equally among Data's nieces and nephews.

The attorney for absent heirs protested, alleging only the surviving sister should take a $5,000 share. The lower court agreed, finding the will was ambiguous and that NRS 133.200 did not apply. We disagree.

1. "An ambiguous provision * * * means simply that there are two constructions or interpretations which may be given to a provision of a will and that it may be understood in more senses than one." In re Tonneson's Estate, 136 N.W.2d 823 (N.D. 1965). There is nothing in either the second or third paragraph of Data's will

which creates such an ambiguity. In the second paragraph he bequeathed $5,000 to each of his brothers and sisters; in the third, he left the residue to his nieces and nephews. Nor is there any "latent" ambiguity. Cf. Estate of Shields, 84 Ariz. 330, 327 P.2d 1009 (1958). We therefore are restricted to the writing alone.

2. In the second paragraph, as noted, Data bequeathed $5,000 each to his brothers and sisters, five of whom predeceased him—two of the five predeceasing the execution of the will.

We first consider the two brothers and sister of Data who were alive at the time of the will's execution but predeceased Data. At common law, their bequests would be said to "lapse," and thereby fail. Presuming this result contrary to a testator's intent, Nevada, as almost all other states, enacted an "anti-lapse statute," NRS 133.200, expressly protecting devises and bequests to "any child or other relation of the testator."[1] Data's brothers and sisters come within this protection[2] "in the absence of a provision in the will to the contrary." NRS 133.200.

3. It is argued that the second paragraph refers to the brothers and sisters as a "class" and our anti-lapse statute should not apply to "class" gifts. We agree with the overwhelming weight of authority that an anti-lapse statute *does* apply to class gifts. Hoverstad v. First Natl. Bank & T. Co., 76 S.D. 119, 74 N.W.2d 48, 56 A.L.R.2d 938 (1956); In re Steidl's Estate, 89 Cal.App.2d 488, 201 P.2d 58 (1948); Page on Wills, Lifetime Ed., § 1062; Restatement, Property, Parts 3 & 4, p. 1623, comment a, § 298.

---

[1]NRS 133.200. Death of devisee. When any estate shall be devised or bequeathed to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving lineal descendants, such descendants, in the absence of a provision in the will to the contrary, shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator.

[2]"The testator is presumed to know the law * * *." In re Steidl's Estate, 89 Cal.App.2d 488, 201 P.2d 58 (1948).

4. Next, it is argued that Data intended for the anti-lapse statute not to apply. Such intent, of course, would control, "but to render the statute inoperative a contrary intent on the part of the testator must be plainly indicated." In re Steidl's Estate, supra. Nowhere is such a "plain intent" expressed within Data's will; nor did he even state, "I give * * * to each of my *surviving* brothers and sisters * * *." The fact that in the third paragraph he bequeathed his residue to his nieces and nephews, "share and share alike," does not influence who takes "through an entirely separate channel, * * * and entirely different right" under the second paragraph. Everhard v. Brown, 75 Ohio App. 451, 62 N.E.2d 901, 911 (1945).

5. Finally, we consider the status of the brother and sister who predeceased the execution of Data's will. At common law, their bequests would fail as "void." Our anti-lapse statute only speaks of a testamentary beneficiary who "shall die before the testator;" there is no specification as to how *long* "before," nor is there any express reference within the statute to "lapse" or "void" bequests or their distinction.[3] However "[i]t seems obvious that the [anti-lapse statute] was motivated by a purpose to protect the kindred of the testator and by a belief that a more fair and equitable result would be assured if a defeated legacy were disposed of by law to the lineal descendants of the legatees or devisees selected by the testator." Hoverstad v. First Natl. Bank, supra, 74 N.W.2d at 55. Accepting this rationale, as have the majority of courts, we see little reason to not equally apply it to void as well as lapsed bequests or devises. Kehl v. Taylor, 275 Ill. 346, 114 N.E. 125, 127 (1916).

We therefore hold NRS 133.200 is applicable to the instant will, and that its provisions extend to void as well as lapsed bequests.

---

[3] Cf. Cal.Prob. Code § 92, which expressly includes "void" bequests and devises.

Reversed. Distribution shall be made in accordance with the foregoing.

THOMPSON, J., concurs.

JUSTICE BADT was unavailable because of illness. The parties stipulated that the matter be determined by the remaining members of the court.