523 P.2d 92

**Leonides DEL CASTILLO and Margaret G. Betz Del Castillo, husband and wife, Appellants,**

**v.**

**Margaret WELLS, a widow, Individually and as Executrix of the Estate of James Wells, Deceased, Appellee.**

**No. 1 CA–CIV 2133.**

Court of Appeals of Arizona,
Division 1.

June 11, 1974.

Rehearing Denied July 19, 1974.
Review Denied Sept. 24, 1974.

Murray Miller, Phoenix, for appellants.

Charles A. Stanecker, Phoenix, for appellee.

## OPINION

HATHAWAY, Chief Judge.

This is an action on a promissory note which was allegedly in default. The appellants-defendants answered setting forth affirmative defenses. Subsequently, they appeared by new counsel and moved for permission to file an amended answer and counterclaim. They also sought to change the trial judge by filing an affidavit of bias and prejudice pursuant to A.R.S. § 12–409 and demanded a trial by jury.

Three questions are raised for consideration on this appeal dealing with the timeliness of the application for change of judge, the timeliness of the request for a jury trial and the propriety of the trial court proceeding to trial without ruling on a motion requesting permission to file an amended answer and counterclaim.

The case was set for trial to the court on May 1, 1972 by an order made on March 20, 1972. Counsel had been granted permission to withdraw in December, 1971 and no appearance was made by new counsel for appellants until April 24, 1972, when they were granted permission to appear and their motion to amend the answer and to include a counterclaim was taken under advisement. The next day, April 25, 1972, the newly-appearing counsel mailed a demand for a jury trial and an affidavit of bias and prejudice demanding a change of judge to counsel for the appellee. The latter was immediately referred to the presiding judge who heard arguments thereon on April 26, 1972 and denied the motion.

Appellants sought to remove the judge as a matter of right, a privilege which has

long existed in this jurisdiction pursuant to A.R.S. § 12–409 which reads as follows:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

B. Grounds which may be alleged as provided in subsection A for change of judge are:

1. That the judge has been engaged as counsel in the action prior to appointment or election as judge.

2. That the judge is otherwise interested in the action.

3. That the judge is of kin or related to either party to the action.

4. That the judge is a material witness in the action.

5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

The above-quoted statute has uniformly been construed as allowing a litigant the right to a change of judge upon filing a proper affidavit of bias and prejudice. From the moment of filing, the trial judge has no power or discretion except to order trial before another judge, Truck Equipment Co. of Arizona v. Vanlandingham, 103 Ariz. 402, 442 P.2d 849 (1968); Liston v. Butler, 4 Ariz.App. 460, 421 P.2d 542 (1966), despite his feelings that the affidavit is filed to harass the court. Itasca State Bank v. Superior Court, 8 Ariz.App. 279, 445 P.2d 555 (1968). This right is limited by A.R.S. § 12–411(A) which provides that it may be exercised only once by each party.

The courts of this jurisdiction, while recognizing that the provision for a peremptory change of judge outlined in A.R.S. § 12–409 is a valuable substantive

right, have held that one can waive this right by not timely filing an affidavit of bias and prejudice. The case of Marsin v. Udall, 78 Ariz. 309, 313, 315, 279 P.2d 721, 724, 725 (1955), judicially delineated when an affidavit would be considered untimely as follows:

"As we analyze the previous pronouncements of this court, it had been ruled that when evidence is taken, the right to challenge the judge on grounds of bias and prejudice is waived, if the evidence is to be used in the final determination of the case on its merits, [citations omitted]

\* \* \* \* \* \*

[T]his court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice."

In 1971, the Supreme Court added Rule 42(f) to the Arizona Rules of Civil Procedure. Rule 42(f)(1)(A) provides that ". . . each side is entitled as a matter of right to a change of one judge . . . ." without the necessity of filing an affidavit of bias and prejudice under A.R.S. § 12–409. This rule does not basically change § 12–409 since, as noted above, that section had been judicially construed as allowing a change of judge as a matter of right upon the filing of an affidavit of bias and prejudice (i. e., the courts were not allowed to consider whether the judge was actually biased). However, Rule 42(f)(1)(A) provides that a party need only file a pleading entitled "Notice of Change of Judge" signed by his attorney to exercise his peremptory right. The affidavit of bias and prejudice, signed by the party, is no longer required.

Our Supreme Court in subsection D of Rule 42(f)(1), also codified and added to the above-mentioned judicially-developed waiver limitations in filing the "Notice of Change of Judge" as follows:

"(D) Waiver. A party waives his right to change of judge as a matter of right

**44**

when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits;

(ii) A pretrial conference; or

(iii) The commencement of trial; or

(iv) If the party agrees upon a judge to whom the case is to be assigned.

Such waiver is to apply only to the agreed upon judge."

In subsection C, the court added the following twenty-day time limitation which had never previously been imposed:

"(C) Time. Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed twenty or more days before the date set for trial. Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge, a notice shall also be timely as to the newly assigned judge if filed within ten days after such new assignment and before trial commences."

Since appellants' affidavit of bias and prejudice was filed only six days before the date set for trial, the question of whether subsection (C) operates to cut off their right to a change of judge is crucial to the disposition of this appeal.

Appellants' argument consists of four basic propositions:

1. Appellants expressly filed their affidavit of bias and prejudice under A.R.S. § 12–409. They did not file a "Notice of Change of Judge" under new Rule 42(f).

2. While the Supreme Court has imposed a time limitation for the filing of a "Notice of Change of Judge" under new Rule 42(f), there has been no judicial or statutory time limitation imposed upon the filing of an affidavit of bias and prejudice pursuant to A.R.S. § 12–409.

3. Rule 42(f) was intended by the Supreme Court to be a completely separate and distinct remedy to obtain a change of judge, an alternative to the remedy provided by A.R.S. § 12–409.

4. Even if the Supreme Court intended Rule 42(f) to be the exclusive procedure to effectuate a change of judge, it was without power to promulgate Rule 42(f) to the exclusion of A.R.S. § 12–409 (i. e., the ". . . court cannot change a statute . . . .").

A.R.S. § 12–109 authorizes the Supreme Court to regulate pleading, practice and procedure by rules promulgated from time to time so long as the rules do not ". . . abridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12–111 provides as follows:

"All statutes relating to pleading, practice and procedure shall be deemed rules of court and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court."

Clearly in enacting Rule 42(f) providing for a specific procedure for a change of judge, the Supreme Court "modified or suspended" the then existing procedure for a change of judge as a matter of right outlined in § 12–409. See Burney v. Lee, 59 Ariz. 360, 129 P.2d 308 (1942). In Hofstra v. Mahoney, 108 Ariz. 498, 499, 502 P.2d 1317, 1318 (1972), the Supreme Court discussed the cases dealing with § 12–409 and the affidavit of bias and prejudice provided for therein. The court concluded that "[r]ule 42(f) merely codified these holdings, eliminating the fiction of bias and prejudice and making the change automatic on request, without the necessity of any affidavit." We cannot hold that the Supreme Court, after promulgating Rule 42(f), intended § 12–409 to coexist as a separate and distinct remedy. It would be both cumbersome and confusing to have two methods to effectuate a change of judge. Caution would then dictate that a party file both a "Notice of Change of Judge" and an affidavit of bias and prejudice. This would totally frustrate the Supreme Court's objective of "eliminating the fiction of bias and prejudice."

■ Appellants argue that the promulgation of subsection C of Rule 42(f)(1), requiring that a "Notice of Change of Judge" be filed twenty or more days before the date set for trial, abridges their substantive right to a change of judge. As noted above, this right has been construed as substantive. However, reasonable time limits placed by courts upon the exercise of a substantive right, have uniformly been held to be procedural. In Marsin v. Udall, supra, the Supreme Court explicitly upheld a three day time limit it had promulgated with respect to the right to change a judge in criminal cases:

"The court by procedural law can prescribe the conditions under which a party may be said to have consented that his case be tried before a particular judge, i. e., whether he has waived his right to challenge the fairness of the judge, provided it does not operate to deprive him of the right. To that end, this court passed Rule 251, Rules of Criminal Procedure, section 44–1204, A.C.A. 1939, to the effect that one expecting to exercise this right of challenge must file his affidavit of bias and prejudice at least three days before the case is called for trial." (78 Ariz. at 312, 279 P.2d at 723).

■ We therefore hold that the Supreme Court had the right and the power not only to eliminate the affidavit of bias and prejudice procedure as contained in § 12–409 [1], but also to place a time limit upon the exercise of the right to disqualify a judge. Since appellants did not file a "Notice of Change of Judge" twenty or more days prior to the date set for trial as required by Rule 42(f)(1)(C), they forfeited that right.

Appellants next complain that their demand for a jury trial should have been granted. This demand, made five days before the date set for trial, and eight days before actual trial, was untimely. 16 A.R.S. Rules of Civil Procedure, rule 38(b), as amended, requires that a demand for jury trial be made no later than the setting of the case for trial or ten days after a motion to set the case for trial is served, whichever comes first. Appellants point out that they were appearing in propria persona and that the motion to set and certificate of readiness contains the language set forth in 17A A.R.S., Super.Ct. Uniform Prac.Rules, rule 5(a), and that subsection (b) provides that "[w]ithin ten days after a Motion to Set and Certificate of Readiness has been served and filed *counsel* for any other party may serve and file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefor." (Emphasis added)

■ We are unimpressed with the contention that a layman reading this language might be led to the belief that only "counsel can file a controverting certificate. The rules are intended to establish an orderly procedure and apply equally to litigants who choose to represent themselves as to litigants represented by counsel. The trial court correctly denied the untimely demand for a jury trial.

■ Appellants finally complain on appeal that the case proceeded to trial with a major area unresolved, namely that the court had not ruled on whether to allow the amended answer or counterclaim. As counsel for appellee points out, the fact

---

1. However, affidavits of bias and prejudice are not dead in this jurisdiction. In Rule 42 (f)(2), the Supreme Court has provided that they are to be the vehicle through which a party may disqualify a judge for cause once he has exercised or lost his power to disqualify the judge as a matter of right under Rule 42 (f)(1). Under these circumstances, the party must file an affidavit listing one or more of the grounds for bias contained in A.R.S. § 12–409 (set out supra), and a hearing is held before another judge (Rule 42(f)(2)D)) in which the party must prove bias or prejudice by a preponderance of the evidence. Such a hearing was held in this case and the presiding judge found that none of the grounds contained in § 12–409 were proven. We do not review this decision since appellants make it clear in their brief that they " . . . are not disputing any findings under [rule] 42(F) (2) [(f)(2)]."

**46**

that the trial court had not ruled in no way precluded the admission of evidence thereon or the right of trial counsel to amend to conform to the evidence.

The judgment is affirmed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).