996 P.2d 1248

BRUSH WELLMAN, INC., a foreign corporation, Petitioner,

v.

Hon. Kenneth LEE, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,

and

Fred Stoecker and Hildegard Stoecker, husband and wife; Armando Cruz and Ursula Cruz, husband and wife; Albert Flores and Norma P. Flores, husband and wife; Luis C. Maldonado and Rosa O. Maldonado, husband and wife; Robert Kofira and Leanne Kofira,, husband and wife; Javier Fimbres and Sylvia Fimbres, husband and wife; Michael D. Matulin and Shelly Matulin, husband and wife; Lee Ann Haynes–Kern and Ronald Kern, wife and husband; and Kathryn Cole and Charles Cole, wife and husband, Real Parties in Interest.

No. 2 CA–SA 99–0124.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 29, 2000.

Rusing and Lopez, P.L.L.C. By Michael J. Rusing and Cynthia T. Kuhn, Tucson, Attorneys for Petitioner.

Dickerson, Butler & Rodriguez, P.C. By J. Patrick Butler, Tucson, and Baron & Budd, P.C. By Frederick M. Baron, Steve Baughman Jensen, and Alicia D. Butler, Dallas, Texas, Attorneys for Real Parties in Interest.

## OPINION

PELANDER, Presiding Judge.

¶ 1 This special action presents the following issue: After an appellate court reverses a trial court ruling and remands a case to the trial court for further proceedings, is a party entitled to a peremptory removal of a judge pursuant to Rule 42(f)(1), Ariz. R. Civ. P., 16 A.R.S., if that party had already exercised the right before the case was appealed? Based on the limitation in A.R.S. § 12–411(A)

to one change of judge in any action, we conclude that, once a party has exercised the right to a peremptory change of judge, it is not renewed upon remand after appeal.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Real parties in interest, former and current employees of Brush Wellman and their spouses (plaintiffs), filed complaints against Brush Wellman and other defendants alleging that the employees had contracted chronic beryllium disease, a lung condition, as a result of their exposure to beryllium while working for Brush Wellman. The cases were consolidated and initially assigned to Judge Buchanan. He recused himself, however, and the case was assigned to Judge Tinney. Plaintiffs filed a notice of change of judge pursuant to Rule 42(f)(1), thereby exercising their right to a peremptory change of judge. The case was then assigned to Judge Hannah, who granted Brush Wellman's motion for summary judgment on all claims. Plaintiffs appealed.

¶ 3 We affirmed the trial court's grant of summary judgment on all but the intentional injury claim, which we reversed, concluding that plaintiffs had alleged sufficient facts to state a claim that Brush Wellman had acted knowingly and intentionally. *Stoecker v. Brush Wellman, Inc.*, No. 2 CA–CV 96–0293 (memorandum decision filed March 31, 1998). We also found factual questions pertaining to the statute of limitations issue on that claim. Plaintiffs sought review by the supreme court of our affirmance of summary judgment on their breach of contract claim. The supreme court granted review and held that the exclusivity provision of the Workers' Compensation Act did not bar plaintiffs' claims for breach of contract to pay benefits supplementing workers' compensation. *Stoecker v. Brush Wellman, Inc.*, 194 Ariz. 448, 984 P.2d 534 (1999). The court vacated the inconsistent portions of our decision, reversed the trial court's grant of summary judgment, and remanded the case for further proceedings in that court. *Id.*

¶ 4 In August 1999, the case was assigned to respondent Judge Lee because Judge Hannah had retired. In September, plain-

tiffs filed another notice of change of judge pursuant to Rule 42(f)(1), claiming they had "not previously been granted a change of judge as a matter of right in this action." In its opposition to the notice, Brush Wellman contended that plaintiffs already had exercised and been granted a peremptory change of judge. Relying on Rule 42(f)(1)(E) and our decision in *Valenzuela v. Brown*, 186 Ariz. 105, 919 P.2d 1376 (App.1996), *plaintiffs responded that their rights to a change of judge were renewed when the case was remanded after the appeal to this court and review by the supreme court. Respondent agreed with plaintiffs and honored the notice. The case was then reassigned to Judge Kelly. This special action followed the respondent judge's denial of Brush Wellman's motion for reconsideration.*

## SPECIAL ACTION JURISDICTION

¶ 5 We agree with Brush Wellman that it has no equally plain, speedy, or adequate remedy by appeal. See Ariz. R.P. Special Actions 1, 17B A.R.S. Challenges to rulings on a peremptory change of judge are appropriately reviewed by special action. See *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996); *Valenzuela*, 186 Ariz. at 107, 919 P.2d at 1378; *Mann v. Superior Court*, 183 Ariz. 586, 587, 905 P.2d 595, 596 (App.1995). Moreover, this case presents a narrow question of law that is of statewide importance. See *Fiveash v. Superior Court*, 156 Ariz. 422, 423, 752 P.2d 511, 512 (App.1988). Because we conclude that the respondent judge exceeded his authority when he honored plaintiffs' notice of change of judge, we accept jurisdiction and grant relief.

## DISCUSSION

¶ 6 In resolving the issue presented, we do not write on a blank slate. Rather, the principles established in prior cases that have addressed the pertinent statutes and their relationship to Rule 42(f) are now firmly rooted in Arizona's jurisprudence and affect our analysis here.

¶ 7 Section 12–409, A.R.S., originated in the Revised Statutes of 1887, which exist-

ed before the enactment of the Revised Statutes of the Arizona Territory in 1901. See §§ 165 and 171, Ariz. Civ.Code. The original provisions became part of the 1901 Revised Statutes of the Arizona Territory. See §§ 1374 and 1380, Rev. Stat. Ariz. Terr. The current provisions were enacted in 1955 as part of the Arizona Revised Statutes. The provisions codified the common law principle that a judge must withdraw from a case once a party has filed an affidavit asserting the judge's bias and prejudice. *Hordyk v. Farley,* 94 Ariz. 189, 191–92, 382 P.2d 668, 670 (1963); *Conkling v. Crosby,* 29 Ariz. 60, 67, 239 P. 506, 509 (1925); see also ¶ 500, Rev. Stat. Ariz. (1913). Section 12–409 provides as follows:

A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

B. Grounds which may be alleged as provided in subsection A for change of judge are:

1. That the judge has been engaged as counsel in the action prior to appointment or election as judge.

2. That the judge is otherwise interested in the action.

3. That the judge is of kin or related to either party to the action.

4. That the judge is a material witness in the action.

5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial.

¶ 8 Section 12–411, A.R.S., which has the same origins as § 12–409, limits the number of allowable changes of venue or judge as follows:

A. Not more than one change of venue or one change of judge may be granted in any action, but each party shall be heard to urge his objections to a county or judge in the first instance.

B. A change of venue or judge shall be to the most convenient county, or judge, to which the objections of the parties do not apply or are least applicable.

C. If the parties agree upon a county or judge, such county or judge shall be selected.

That the statute allows but a single change of venue or judge is clear, based not only on its express language, but also on cases applying it. See, e.g., *King v. Superior Court,* 108 Ariz. 492, 493, 502 P.2d 529, 530 (1972); *American Buyers Life Ins. Co. v. Superior Court,* 84 Ariz. 377, 380, 329 P.2d 1100, 1102 (1958); *In re Estate of Sears,* 54 Ariz. 52, 55, 91 P.2d 874, 875 (1939); *Haley v. Cochise County Hosp.,* 27 Ariz.App. 484, 485, 556 P.2d 332, 333 (1976).

¶ 9 Before our supreme court promulgated Rule 42(f) in 1971, Arizona courts had recognized a peremptory right to a change of judge, even though § 12–409 required the filing of an affidavit of bias and prejudice, and had acknowledged that the affidavit had become a fiction in cases in which such peremptory changes were sought. See, e.g., *Hofstra v. Mahoney,* 108 Ariz. 498, 498, 502 P.2d 1317, 1317 (1972); *American Buyers,* 84 Ariz. at 380, 329 P.2d at 1102; *Conkling,* 29 Ariz. at 68, 239 P. at 509; *Stephens v. Stephens,* 17 Ariz. 306, 309, 152 P. 164, 165 (1915). Rule 42(f)(1), in contrast to Rule 42(f)(2) (change of judge for cause), recognizes the peremptory right to a change of judge, eliminating the previously required affidavit of bias and prejudice. See State Bar Committee Note to 1971 Amendment, Ariz. R. Civ. P. 42(f)(1)(A). See also *King,* 108 Ariz. at 494, 502 P.2d at 531; *Del Castillo v. Wells,* 22 Ariz.App. 41, 43, 523 P.2d 92, 94 (1974).

¶ 10 The issue raised here involves a potential conflict between the limitation to one peremptory change of judge in § 12–411 and Rule 42(f)(1)(E), which provides: "When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver."

Accordingly, we must decide whether the rule renews a party's right to a peremptory challenge after remand, even if previously exercised, or whether renewal occurs only if the party has not exercised the right before appeal and remand, in which case that prior inaction will not be construed as a waiver of the right to peremptorily challenge a judge upon remand.

¶ 11 We did not address this question in *Valenzuela*. There, we found that a party does have renewed rights under Rule 42(f)(1) after an appeal and remand from the granting of summary judgment, rather than a full trial. We also held that a stipulation that one judge would hear the case, entered into by the parties before an appeal, did not constitute a waiver of the right to a peremptory change of judge in light of the language in Rule 42(f)(1)(E) that "no event connected with the first trial shall constitute a waiver." In *Valenzuela*, however, unlike here, the party had not exercised the peremptory right before the appeal and remand.

¶ 12 In determining which construction of the rule to adopt, we keep in mind that, "[i]f a rule and a statute appear to conflict, the rule is construed in harmony with the statute." *Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 433, 937 P.2d 353, 355 (App.1996); see also *De Camp v. Central Arizona Light & Power Co.*, 47 Ariz. 517, 525, 57 P.2d 311, 314 (1936). We must also keep in mind a fundamental principle of the Arizona Constitution, that the judicial, legislative, and executive branches of our government shall remain "separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." Ariz. Const. art. III. The constitution also gives our supreme court the "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. VI, § 5(5); see also *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 342, 982 P.2d 815, 817 (1999) (finding unconstitutional statutory amendments changing time limits for post-conviction proceedings because they invaded supreme court's rule-making authority); *State v. Blazak*, 105 Ariz. 216, 217, 462 P.2d 84, 85 (1969) (rule-making power is vested exclusively in supreme court). But, a rule may not "abridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12-109(A); see also *Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984); *Rosner*, 188 Ariz. at 433, 937 P.2d at 355. When a statute conferring or limiting a substantive right conflicts with a procedural rule, the rule only controls as to procedural matters. See, e.g., *State ex rel. Conway v. Superior Court*, 60 Ariz. 69, 81, 131 P.2d 983, 988 (1942), overruled on other grounds, *Adams v. Bolin*, 74 Ariz. 269, 247 P.2d 617 (1952) (court rule prevails over legislative rule that unduly hampers court in administering justice).

¶ 13 In *Del Castillo*, this court stated that the right to a peremptory challenge recognized by § 12-409 "is a valuable substantive right." 22 Ariz.App. at 43, 523 P.2d at 94. Plaintiffs concede that point. And, as we noted in *Lewis v. Kelliher*, Rule 42(f) did not "create 'a separate and distinct remedy' from § 12-409; it simply modifie[d] the procedure to be followed." 171 Ariz. 228, 229, 829 P.2d 1274, 1275 (App.1992), quoting *Del Castillo*, 22 Ariz.App. at 44, 523 P.2d at 95. See also *In re Guardianship of Styer*, 24 Ariz.App. 148, 151, 536 P.2d 717, 720 (1975) (rejecting claim that Rule 42(f) "gave an additional peremptory challenge as a matter of right"). But see *Hickox v. Superior Court*, 19 Ariz. App. 195, 198, 505 P.2d 1086, 1089 (1973) (suggesting that peremptory change of judge is "a matter of grace" and a right created by rule, distinguishable from the disqualification for cause provided in § 12-409). Thus, Rule 42(f)(1) could permissibly place reasonable time limits on the exercise of the substantive right to a peremptory change of judge. *Del Castillo*. Additionally, the rule properly recognized the established prior judicial interpretations of § 12-411 as allowing one change of judge per side, rather than per case. See Rule 42(f)(1)(A); *King*, 108 Ariz. at 493, 502 P.2d at 530; *Hofstra*, 108 Ariz. at 498-99, 502 P.2d at 1317-18; *Haley*, 27 Ariz. App. at 485 n. 1, 556 P.2d at 333 n. 1.

¶ 14 Nevertheless, if we construe Rule 42(f)(1)(E) as renewing a party's previously exercised peremptory change of judge after an appeal and remand, that construction would effectively enlarge the statutory

substantive right. To so construe the rule would permit more than one peremptory change of judge in an action, in direct conflict with § 12–411. In attempting to avoid that conflict, as we must, we construe the phrase in Rule 42(f)(1)(E), "all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver," to mean that rights that would otherwise be waived by a party's failure to exercise them are renewed, whereas rights that have been exercised are not.

 ¶ 15 We are not persuaded by plaintiffs' contention that a case remanded after appeal becomes a new "action" for purposes of § 12–411(A). See *People v. Emerson*, 122 Ill.2d 411, 119 Ill.Dec. 250, 522 N.E.2d 1109, 1113 (1987) (reversal and remand results in "continuation of the original proceedings" rather than new proceedings for purposes of change of judge); *People v. Ryan*, 264 Ill. App.3d 1, 201 Ill.Dec. 694, 636 N.E.2d 1126, 1128 (1994) (rejecting notion that "a reviewing court's remand operates to initiate a separate and distinct prosecution which would begin anew defendant's rights of substitution of judges without regard to his exercise of those rights prior to remand"). Case numbers of remanded actions remain the same and, although further proceedings are contemplated, no new pleadings are required. Indeed, if a remanded case were deemed a new action, thereby giving both sides fresh, unencumbered rights to change of judge, Rule 42(f)(1)(E) would be superfluous.

¶ 16 We are mindful, as we were in *Valenzuela*, of the policy behind Rule 42(f)(1)(E). *Valenzuela*, 186 Ariz. at 109, 919 P.2d at 1380. As we pointed out there, that portion of the rule appears to have been promulgated in response to *State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967), in which our supreme court held that, on retrial after reversal of a forgery conviction, the defendant's oral affidavit of bias and prejudice filed against the

same judge who had presided over the first trial was an untimely request for a peremptory change of judge and that, instead, the defendant had to show proof of bias and prejudice to disqualify that judge. See State Bar Committee Note to 1971 Amendment, Ariz. R. Civ. P. 42(f)(1)(E); see also *King*, 108 Ariz. at 493, 502 P.2d at 530 (On remand for new trial, "it is always possible that the trial judge may subconsciously resent the lawyer or defendant who got the judgment reversed. The mere possibility of such a thought in the back of a trial judge's mind means that a new judge should be found."). We found those policy reasons underlying Rule 42(f)(1)(E) equally applicable to a case that had been decided by summary judgment rather than a trial. *Valenzuela*. Although those policy concerns exist in any case that is reversed and remanded to the same judge whose ruling was overturned on appeal,[1] in light of our obligation to harmonize the rule and the statute, *Rosner*, we conclude that Rule 42(f)(1)(E) does not apply when the party has already exercised a peremptory change of judge.[2] Accommodating those policy concerns by changing that substantive right is a legislative, not a judicial, function.

¶ 17 Accordingly, we hold that the respondent judge acted in excess of his authority in honoring plaintiffs' second peremptory change of judge. We therefore accept jurisdiction of this special action, reverse the respondent judge's order of September 29, 1999, and vacate the order assigning the case to Judge Kelly. The case is remanded to the trial court for further proceedings.

CONCURRING: WILLIAM E. DRUKE, Judge, and M. JAN FLÓREZ, Judge.

---

1. Those policy concerns are not implicated in this particular case inasmuch as Judge Lee was not the judge whose ruling was reversed on appeal, and he was not involved in the case at all before remand.

2. We emphasize that this decision relates only to peremptory challenges under Rule 42(f)(1), not to disqualification for cause under Rule 42(f)(2).

See *Del Castillo*, 22 Ariz.App. at 45 n. 1, 523 P.2d at 96 n. 1 ("[A]ffidavits of bias and prejudice are not dead in this jurisdiction." Under Rule 42(f)(2), "a party may disqualify a judge for cause once he has exercised or lost his power to disqualify the judge as a matter of right under Rule 42(f)(1).").