144 P.3d 513

STATE of Arizona ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,

v.

The Honorable Michael D. GORDON, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Joseph Paul DeLuca, Real Party in Interest.

No. 1 CA–SA 06–0116.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 3, 2006.

**500**

Andrew P. Thomas, Maricopa County Attorney, by James P. Beene, Deputy County Attorney, and Mark L. Barry, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Susan Sherwin, Maricopa County Legal Advocate, by Timothy J. Agan, Deputy Legal Advocate, and Thomas J. Dennis, Deputy Legal Advocate, Phoenix, Attorneys for Real Party in Interest.

## OPINION

NORRIS, Judge.

¶ 1 This special action arises out of the superior court's refusal to honor a notice filed by Petitioner, the Maricopa County Attorney, requesting a peremptory change of judge in a criminal case after the case had been appealed and then remanded to the superior court for a new trial. Because the County Attorney had exercised its right to a peremptory change of judge before the appeal and remand, the superior court held the County Attorney was not entitled to a change of judge as a matter of right under Arizona Rule of Criminal Procedure 10.4(b). That rule states, in part, that when an action is remanded for a new trial, "all rights to change of judge ... are renewed, and no event connected with the first trial shall constitute a waiver." Ariz. R.Crim. P. 10.4(b) (2006).

¶ 2 The question we must decide is whether, under Rule 10.4(b), a party who has exercised a peremptory change of judge before appeal is entitled, after appeal and remand, to request a change of judge as a matter of right. We answer this question "no," and hold that when, as here, a party before appeal exercises a right to a peremptory change of judge, Rule 10.4(b) does not renew that right after appeal and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶ 3 The facts are undisputed. The Real Party in Interest, Joseph Paul DeLuca, was charged with first-degree premeditated murder and felony murder. Before trial, the County Attorney exercised its peremptory right to a change of judge under Rule 10.2, and "noticed" the trial judge. Rule 10.2 permits each side in a non-death penalty criminal case to request a change of judge without cause. Ariz. R.Crim. P. 10.2(a) (2006).

¶ 4 The case was then reassigned to another judge. DeLuca was convicted, and appealed. In a memorandum decision, this

court reversed DeLuca's conviction and remanded for a new trial.

¶5 On remand, DeLuca was retried, but the jury was unable to reach a unanimous verdict. Before the case could be tried for a third time, the judge handling the case was assigned to a different calendar and, in the normal course, the case was assigned to the Respondent Judge. The County Attorney then filed a notice of change of judge, citing both Rule 10.2 and Rule 10.4. DeLuca objected to the County Attorney's notice, asserting Rule 10.4(b) did not renew the County Attorney's right to a peremptory change of judge because the County Attorney had already exercised such a challenge before appeal and remand. The Respondent Judge eventually agreed with DeLuca and rejected the County Attorney's notice and "struck" it.

¶6 The County Attorney then filed this special action. We accepted jurisdiction but denied relief with this opinion to follow.

## SPECIAL ACTION JURISDICTION

■ ¶7 The County Attorney contends it has no equally plain, speedy or adequate remedy by appeal. *See* Ariz. R.P. Special Action 1, 17B A.R.S. We agree. Challenges to rulings regarding a party's peremptory request for a change of judge are appropriately reviewed by special action. *Bergeron ex rel. Perez v. O'Neil,* 205 Ariz. 640, 645, ¶11, 74 P.3d 952, 957 (App.2003); *Taliaferro v. Taliaferro,* 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996)(appellate review of denial of notice of change of judge filed pursuant to Arizona Rule of Civil Procedure 42(f)(1) must be obtained by special action).

¶8 Further, the issue presented in this proceeding is one of law and statewide importance. *Bergeron,* 205 Ariz. at 646, ¶12, 74 P.3d at 958; *see also City of Tucson v. Superior Court,* 167 Ariz. 513, 513, 809 P.2d 428, 428 (1991)(special-action jurisdiction appropriate when issue presented is "a pure

issue of law that is of statewide significance"). Therefore, special action jurisdiction is appropriate.

## DISCUSSION

¶9 Rule 10.4(b), captioned "Renewal," states in full:

When an action is remanded by an Appellate Court for a new trial on one or more offenses charged in the indictment or information, all rights to change of judge or place of trial are renewed, and no event connected with the first trial shall constitute a waiver.

■ ¶10 The County Attorney and DeLuca each argue Rule 10.4(b) is plain and clear. But, they differ on how it is plain and clear. Although both sides rely on the phrase "all rights to change of judge ... are renewed, and no event connected with the first trial shall constitute a waiver," they focus on different parts of that phrase to advance their respective positions. Focusing on the words "renew" and "no event," the County Attorney argues the rule renews, in the sense of "restores" a party's right to a change of judge after appeal and remand, and a party's prior exercise of that right before appeal is of no matter. Focusing on the word "rights," DeLuca argues that if a party has exercised its right to a change of judge before appeal, it has no additional right to a change of judge after appeal and remand; accordingly, there is no right to be renewed. Under DeLuca's interpretation, only an unexercised right to a peremptory challenge is renewed, and a party who fails to exercise its right to a peremptory challenge before appeal and remand will not be deemed to have waived it.[1]

■ ¶11 In our view, the text of the rule allows for each interpretation. Each is reasonable; each is plausible. Thus, we are faced with a question of interpretation.[2] In such a case, we apply principles of statutory

---

1. Neither in the superior court nor on appeal has DeLuca argued the County Attorney's notice of change of judge was untimely under Rule 10.2(c)(2) or (3). Nevertheless, we do not need to consider the timeliness of the County Attorney's notice in light of our holding that the County Attorney did not have a substantive right

to a change of judge as a matter of right after the appeal and remand.

2. The interpretation of a court rule constitutes a question of law that we review de novo. *ChartOne, Inc. v. Bernini,* 207 Ariz. 162, 167, ¶14, 83 P.3d 1103, 1108 (App.2004).

construction. *State v. Baca,* 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996). Our objective is to give effect to the intent of the supreme court in promulgating the rule. *Vega v. Sullivan,* 199 Ariz. 504, 507 ¶ 8, 19 P.3d 645, 648 (App.2001). To do this, we consider the language of the rule, its context, subject matter, historical background, effect, consequences, spirit and purpose. *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994)(citing cases); *Vega,* 199 Ariz. at 507, ¶ 8, 19 P.3d at 648.

¶ 12 We begin our analysis with the wording of Rule 10.4(b). Contrary to the approach taken by the parties, we start with the beginning words of Rule 10.4(b): "When an action is remanded by an Appellate Court for a new trial...."

¶ 13 An "action" remanded for a new trial is not a new case. It is a continuation of the same case. "In the common parlance of lawyers and the law, the word 'action' refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal." *S.W. Airlines Co. v. Arizona Dep't of Revenue,* 197 Ariz. 475, 477, ¶ 7, 4 P.3d 1018, 1020 (App.2000)(citing cases); *Brush Wellman, Inc. v. Lee,* 196 Ariz. 344, 349, ¶ 15, 996 P.2d 1248, 1253 (App.2000)(civil case remanded after appeal does not become a new action; citing cases).

¶ 14 Rule 10.2 establishes a party's entitlement or right to a change of judge in a "case." For a non-death penalty criminal case, the rule speaks in the singular, not in the plural. Under it, "each side is entitled as a matter of right to *a change of judge.*" (emphasis added).

¶ 15 "It is a cardinal rule of construction that statutory provisions must be considered in the context of the entire statute and consideration must be given to all of the statute's provisions to determine the legislative intent manifested by the entire act." *Guzman v. Guzman,* 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App.1993); *accord Medders v. Conlogue,* 208 Ariz. 75, 78, ¶ 10, 90 P.3d 1241, 1244 (App.2004)(applying principle to construe court rule). Applying that interpretive rule here, when an action is remanded for a new trial, the right renewed by Rule 10.4(b) is the right to "a change of judge" established by Rule 10.2(a). The wording of Rule 10.4(b) thus favors the interpretation advanced by DeLuca—each side in a non-death criminal case receives one and only one peremptory change of judge. Accordingly, if a party has exercised its right to a change of judge as a matter of right before appeal, then after appeal and remand, that party has no right that is subject to renewal. Conversely, if a party has not exercised its right to a peremptory challenge before appeal and remand, that party's failure to exercise its right will not be an "event" constituting a waiver.

¶ 16 This interpretation of the wording of Rule 10.4(b) is, in our view, further supported by the origins and evolution of the right to a change of judge as a matter of right in Arizona. This history reflects that a party in a criminal case has never been given more than one peremptory challenge.

¶ 17 Shortly after Arizona became a state, a party in a criminal proceeding became entitled to a change of judge as a matter of right. Penal Code of 1913, section 999. *Sam v. State,* 33 Ariz. 383, 402, 265 P. 609, 616 (1928); *Speakman v. Sullivan,* 32 Ariz. 307, 257 P. 986 (1927). In the 1939 Code, the legislature specified this right could be exercised only once in a given "cause." 1939 Code § 44–1203 ("Neither the state nor any defendant in the same cause may make more than one [1] application for change of judge.")(brackets in original).

¶ 18 In 1956, the statutory provisions permitting a change of judge as a matter of right in a criminal proceeding were replaced by rules promulgated by our supreme court. The rules limited the right to a change of judge without cause to one. Ariz. R.Crim. P. 198 ("Neither the state nor any defendant in the same action may make more than one application for change of judge.").

¶ 19 In 1973, the supreme court substantially revised the criminal rules of procedure and enacted Rules 10.2 and 10.4. Although the precise language of the prior rule limiting the number of peremptory challenges to one was not incorporated in Rule 10.2, that rule was explicitly phrased to give each party

(now "side") only one such challenge. We have discovered nothing in the history surrounding the 1973 adoption of Rule 10.2 that suggests the supreme court was attempting to expand the number of times a party could exercise a right to a peremptory challenge.

¶ 20 Likewise, there is nothing in the history of Rule 10.4 that suggests it was designed to give a party who has exercised a peremptory challenge before appeal another opportunity to exercise a peremptory challenge after appeal and remand. The wording of Rule 10.4(b) was "lifted" from its civil rule counterpart, Rule 42(f)(1)(E), enacted by the supreme court in 1971. Rule 42(f)(1)(E) allows for a change of judge as a matter of right. The civil rule was adopted in response to *State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967). There, the court held that following an appeal and remand, a change of judge had to be based on cause.

¶ 21 In *Neil*, the defendant's criminal conviction was reversed and remanded for a new trial. The case was scheduled to be retried by the same judge who had handled the trial. The defendant argued he was entitled to a different trial judge as a matter of right. Our supreme court rejected this argument, reasoning that since the new trial was essentially a continuation of the prior trial, the defendant had waived his right to a change of judge without cause because the trial judge had presided over the original trial. *Id.* at 113–16, 425 P.2d at 845–48. Consequently, the court held the defendant's request for a change of judge without cause was untimely, and that after appeal and remand, a change of judge could only be based on cause. *Id.* at 115–16, 425 P.2d at 847–48. *See also* State Bar Committee Notes to 1971 Amendments.

¶ 22 The wording of the civil rule, which is virtually identical to Rule 10.4(b), was simply designed to allow a party to obtain a different trial judge if, on remand, the case was reassigned to the same judge who had presided over the trial. The rule was not adopted to address the issue presented here—whether a party who has exercised its right to a peremptory challenge before appeal is entitled to a new, fresh right to such a challenge after appeal and remand.

¶ 23 By statute and rule, a party's right in a criminal case to a change of judge as a matter of right has been limited to one. This "one and only one" approach has been consistently followed by Arizona courts when presented with questions regarding a party's right to a peremptory challenge in a criminal proceeding.

¶ 24 For example, in *Fiveash v. Superior Court*, 156 Ariz. 422, 752 P.2d 511 (App.1988), the defendant entered a guilty plea, but at the sentencing hearing, the judge rejected the plea. The defendant requested and received a change of judge under Arizona Rule of Criminal Procedure 17.4(g). The case was then assigned to a different judge, and the defendant "noticed" that judge under Rule 10.2. This court held the defendant was not entitled to a second peremptory challenge even though he had exercised his first challenge under Rule 17.4(g), not Rule 10.2: "[A] defendant who has exercised his right to a change of judge following withdrawal of a guilty plea pursuant to Rule 17.4(g) has exercised his only peremptory challenge, and is not entitled to an additional change under Rule 10.2." *Id.* at 425, 752 P.2d at 514. In so holding, we explained, "any provision relating to disqualification of judges must be given strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." *Id.* (quoting *State v. Perkins*, 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984), *overruled on other grounds, State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987)). We further stated, "[a] construction which would expand the availability of peremptory changes of judge would be inconsistent with these principles." *Id.*

¶ 25 A similar situation was presented in *Hill v. Hall ex rel. County of Yuma*, 194 Ariz. 255, 980 P.2d 967 (App.1999). There, after obtaining a change of judge under Rule 10.2, the defendant pled guilty. *Id.* at 256, ¶ 2, 980 P.2d at 968. The defendant was then allowed to withdraw his guilty plea. *Id.* at ¶ 3, 980 P.2d at 968. Subsequently, the court denied the defendant's request for a change of judge under Rule 17.4(g). *Id.* We held the defendant's exercise of a peremptory challenge under Rule 10.2 precluded a

second peremptory change of judge under Rule 17.4(g). *Id.* at 258, ¶ 10, 980 P.2d at 970. We stated: "A defendant in a criminal case is entitled to only one peremptory challenge of a judge by way of either Rule 10.2 or Rule 17.4(g). Once a defendant has exercised one peremptory challenge, there are no more." *Id.*

¶ 26 The County Attorney argues that construing Rule 10.4(b) to bar a party who has exercised a peremptory challenge before appeal from exercising such a challenge after appeal and remand is at odds with the policy reason that caused the supreme court to enact Rule 10.4(b). As explained by the supreme court:

> In the case of an appeal, reversal and a remand for a new trial, it is always possible that the trial judge may subconsciously resent the lawyer or defendant who got the judgment reversed.

*King v. Superior Court,* 108 Ariz. 492, 493, 502 P.2d 529, 530 (1972).

¶ 27 The County Attorney's argument has some force to it. But, there are counter-policies at work here. The peremptory challenge has been subject to abuse, and its exercise can disrupt the orderly operation of the judicial system. That is why Arizona courts have strictly construed the right. *See supra* ¶ 24; *see also Hill,* 194 Ariz. at 260, ¶ 22, 980 P.2d at 972 (Sult, J. dissenting); Court Comment to 2004 Amendments to Rules 10.2(a), (b), (c) and (d). Given the modern-day realities of court administration and the increasing number of trial judges serving in each Arizona county, the policy reason underlying the enactment of Rule 10.4(b)—the avoidance of the possibility that the trial judge who initially handled the case may resent the lawyer or defendant "who got the judgment reversed," *King,* 108 Ariz. at 493, 502 P.2d at 530—is not nearly as compelling as it once was. We do not believe this reason requires us to interpret Rule

10.4(b) in a manner inconsistent with the context, origins, and history of the rule.[3]

¶ 28 Considering the language of Rule 10.4(b) and the other factors discussed above, we reach the following conclusion: "one" really means "one," and that is all a party is entitled to—one peremptory challenge in the life of a criminal case.

¶ 29 The superior court (and DeLuca on appeal) relied on *Brush Wellman,* 196 Ariz. 344, 996 P.2d 1248, in asserting the County Attorney was not entitled to a change of judge as a matter of right. Interpreting Ariz. R. Civ. P. 42(f)(1)(E), *Brush Wellman* held that once a party has exercised the right to a peremptory change of judge, the right is not renewed after appeal and remand.

¶ 30 The County Attorney argues the superior court should not have relied on *Brush Wellman* because the court interpreted the rule as it did to avoid a conflict with a state statute that the County Attorney asserts applies only to civil, not criminal, cases. That statute, A.R.S. § 12–411(A) (2003), states: "Not more than one change of venue or one change of judge may be granted in any action, but each party shall be heard to urge his objections to a county or judge in the first instance."

¶ 31 Although we note the statute speaks broadly, referring as it does to "any action," and Arizona courts have in fact cited this statute in limiting a party in a criminal proceeding to one change of judge,[4] we do not need to decide whether that statute applies to criminal actions. Although *Brush Wellman* dealt with the civil counterpart to Rule 10.4(b), our supreme court has held the rules of law pertaining to change of judge are essentially the same in civil as in criminal cases. *State v. Neil,* 102 Ariz. at 112, 425 P.2d at 844; *Marsin v. Udall,* 78 Ariz. 309, 313, 279 P.2d 721, 724 (1955). Even if we were to agree with the County Attorney that

---

3. Even if a party has exercised its right to a peremptory challenge, that party may still seek to have the judge disqualified for cause if the party believes the judge is biased or prejudiced. *See* Rule 10.1.

4. *State ex rel. Riley v. Collins,* 7 Ariz.App. 36, 435 P.2d 871 (1968)(county attorney exhausted right

to peremptory challenge; citing in addition to other authorities, A.R.S. § 12–411); *State v. Carter,* 1 Ariz.App. 57, 399 P.2d 191 (1965) (defendant not entitled to peremptory challenge because defendant had already exercised such a challenge; citing A.R.S. § 12–411).

A.R.S. § 12–411(A) does not, despite its broad language, apply to criminal "actions," because the rules of law pertaining to change of judge should be essentially the same in civil and criminal cases, Rule 10.4(b) should be interpreted in the same manner as its civil equivalent, Rule 42(f)(1)(E).

¶ 32 Finally, the County Attorney asserts limiting the renewal of the right to a change of judge to one that has not been previously exercised would "yield inequitable results," especially to the prosecution. This is because most criminal appeals are taken by the defendant and, therefore, upon remand, defendants who did not exercise their right before appeal would have such a right after appeal and remand. The County Attorney argues that on remand, the "state should have an equal chance of exercising" its right to a change of judge even if it had exercised that right in the first instance.

¶ 33 We fail to see the logic of the County Attorney's argument. Rule 10.4(b) treats all parties the same. If a defendant, before appeal, exercises his or her right to a peremptory change of judge, that right will not be renewed after appeal and remand. Our construction of Rule 10.4(b) does not grant criminal defendants any right not available to the County Attorney.

## CONCLUSION

¶ 34 For the foregoing reasons, the superior court correctly refused to honor the County Attorney's request for a change of judge as a matter of right.

PATRICIA A. OROZCO, P.J., and DANIEL A. BARKER, J., concur.

